**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JEREMY CORNELIUS JONES,　　　　　:

　　　Petitioner,　　　　　　　　:

vs.　　　　　　　　　　　　　　:　　CIVIL ACTION NO. 16-00225-WS-C
　　　　　　　　　　　　　　　　　CRIMINAL NO. 01-00101-WS-C
UNITED STATES OF AMERICA　　　:

　　　Respondent.　　　　　　　:

**REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. L.R. 72(a)(2)(R), on Petitioner Jeremy Cornelius Jones' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in a Federal Custody ("2255 motion"), (Doc. 37), filed on May 18, 2016, and Respondent United States of America's ("USA") Response To Order, (Doc. 39), filed on June 1, 2016.  For the reasons stated below, this undersigned recommends Petitioner Jones' 2255 motion be **DENIED**.

**PROCEDURAL AND FACUTAL BACKGROUND**

On June 26, 2003, the Court imposed on Petitioner Jones' a sentence of 262 months of imprisonment, (Doc. 16), following his plea of guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), (Doc. 10).  The actual entry of the judgment was accomplished on July 15, 2003. (Doc. 16).  Jones was sentenced as a career offender prior to *United States v. Booker*, 543 U.S. 220 (2005) when the Sentencing Guidelines were considered mandatory.  It was determined that Jones was a career offender because his instant offense was a

controlled substance offense and he had at least two qualifying prior convictions that supported the career offender enhancement. Jones did not appeal his conviction or sentence into the Eleventh Circuit Court of Appeals.

With the concurrence of both parties, Judge Butler stayed this section 2255 matter pending a final decision in *Beckles v. United States*, ___U.S. ___, 137 S. Ct. 886 (2017). (Doc. 46). Although this stay has not been technically lifted, on November 16, 2017, in light of the decision in *Beckles v United States*, 576 U.S. ___, 137 S. Ct. 886 (2017), this matter was referred to the undersigned for further proceedings and the parties were ordered to file a status report in regard to Petitioner Jones' 2255 Motion. (Doc. 48).

On December 19, 2017, a joint status report was filed by counsel for Jones and the United States informing the Court that they did not believe that Jones is entitled to relief under the Due Process Clause as requested in his motion. (Doc. 50). The undersigned concurs in that assessment.

## DISCUSSION

"In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress created a one-year statute of limitations for § 2255 motions, running from the latest of four dates."[1] *Murphy v. U.S.*, 634 F.3d 1303, 1306-07 (11th Cir. 2011)

---

[1] 28 U.S.C. § 2255(f) provides:
A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"Section 2255(f) does not define 'judgment of conviction' or 'final.'  Nonetheless, [the Circuit Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit")] concluded that when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."  *Id.*, 634 F.3d at 1307.  At the time of Petitioner Jones' sentencing, a criminal defendant had ten (10) days from the entry of judgment in which to file a notice of appeal with the district court.  FED. R. APP. P. 4(b)(1)(A)(i) advisory committee's notes (2009 amendment).  Since Petitioner Jones did not file an appeal, (*see* Docket Report), his judgment of conviction became final ten days after the entry of judgment, on July 28, 2003, and the one-year statute of limitation period for his 2255 Motion expired on July 28, 2004.  Thus, his motion of May 18, 2016 was filed over eleven years after the statute of limitation had expired.  Petitioner argues, however, that the one-year period for filing his motion is tolled by application of 28 U.S.C. section 2255(f)(3) in that his motion was filed within one year of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015)—"a ruling which established a newly recognized right that is retroactively applicable to cases on collateral review," citing to Welch v. United States, U.S. , 136 S. Ct. 1257, 194 L. Ed. 387 (2016). (Doc. 37 at 3).

On March 6, 2017, the Supreme Court handed down its decision in *Beckles v. United States*, in which it held "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause," which "resolve[d] a conflict among the Courts of Appeals on the question whether *Johnson*[*v. United States*, -- U.S. --, 135 S. Ct. 2551, 192 L. Ed. 2d 569, (2015)]'s vagueness holding applies to the residual clause in § 4B1.2(a)[,United States Sentencing Commission, Guidelines Manual,] of the Guidelines" including the decision in *United States v. Matchett,* 802

3

F.3d 1185 (11th Cir. 2015). *Beckles v. United States*, 576 U.S. --, 137 S. Ct. 886, 890, 891-92, & 892 n. 2 (2017). Thus, the *Beckles* decision has made clear that Jones may not rely on *Johnson* to either toll the time for filing his motion pursuant to 28 U.S.C. section 2255 or to provide a basis for relief. His motion is untimely and without merit, and it is recommended that the motion be denied on for both reasons.

<u>**CERTIFICATE OF APPEALABILITY**</u>

In consideration of the foregoing, it is recommended that the Court deny Jones' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Moreover, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Here, Jones' habeas petition is being denied both on procedural grounds without reaching the merits of the constitutional claims, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000), and also on the merits, such that a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong[,]" *id.*; *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Petitioner has failed to file a timely motion, a reasonable jurist could not conclude either that this Court is in error in denying the instant petition or that Jones should be allowed to proceed further regarding this claim, *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). In addition, with respect to his claim that the sentence he received violates the Due Process Clause, it is recommended that the Court find that reasonable jurists could not debate whether Jones' § 2255 habeas petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability with respect to his claim.

Rule 11(a) further provides: "Before entering the final order, the court may

direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## <u>CONCLUSION</u>

It is determined that Petitioner's rights were not violated in this cause and that his request to vacate, set aside or correct his sentence (Doc. 37) should be **DENIED**. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of February 2018.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**